IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAHEED KELLY and : | |
| HAKEEM HARRIS : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. 20-CV-4413 |
| v. : | |
| : | |
| PA DOC, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**SCHILLER, J.**                                                                           **NOVEMBER 5, 2020**

Plaintiffs Shaheed Kelly and Hakeem Harris, proceeding *pro se*, bring this civil rights action pursuant to 42 U.S.C. § 1983, against the Pennsylvania Department of Corrections ("PA DOC"), Superintendent Lamas, Unit Manager Connor Council, Security Captain Eason, Grievance Coordinator Ms. Quinn, and "Maintaing" Supervisor Mr. Shelby. (ECF No. 5 at 1.)[1] In addition to the Complaint, Kelly has filed the following: (1) a Motion for Preliminary Injunction (ECF No. 6); (2) a Motion for Appointment of Counsel (ECF No. 8); and (3) two Motions for Special Relief (ECF Nos. 7 & 11). For the following reasons, the Court will dismiss Kelly and Harris's claims against the PA DOC and any claims based on grievances with prejudice and dismiss the remainder of their Complaint without prejudice for failure to state a claim. Kelly and Harris will be granted leave to file an amended complaint. The Court will also deny Kelly's request for appointment of an attorney at this time, deny Kelly's request for issuance of a preliminary injunction; and deny Kelly's motions for special relief.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

1

I.   FACTUAL ALLEGATIONS

Kelly and Harris filed this matter based on events which took place while they were confined at SCI-Chester. (ECF No. 5 at 1-2.) According to the Pennsylvania Department of Corrections Inmate/Parolee Locator, both Kelly (Inmate No. MT2667) and Harris (Inmate No. MU9397) have been transferred from SCI-Chester, and they are currently housed at SCI-Somerset and SCI-Benner, respectively. *See* Pennsylvania Department of Corrections ("DOC"), Inmate Locator (Inmate Nos. "MT2667" (Kelly) and "MU9397" (Harris); http://inmatelocator.cor.pa.gov (last visited September 23, 2020). *See generally* Fed. R. Evid. 201; *Bracey v. Rendell*, Civ. A. No. 11-217E, 2012 WL 226871, at *1 n.1 (W.D. Pa. Jan. 25, 2012) (taking judicial notice of DOC inmate locator).

According to the Complaint, Kelly and Harris shared a cell while they were incarcerated at SCI-Chester, and in May of 2019, the "ventilation in [their] cell broke." (ECF No. 5 at 2.) Kelly and Harris notified "staff" of the broken ventilation, and "staff" responded that it was "[their] problem [and they] have to deal with the heat." (*Id.*) Security Captain Eason allegedly told Kelly and Harris to give her the information and "she would get [their] air fixed." (*Id.*) Kelly and Harris aver that the facility team became aware of the broken ventilation, and fans were placed on the block, but they could not feel the air. (*Id.*)

The Complaint avers that either Kelly or Harris went to medical for asthmatic episodes and was given nostril spray because of breathing issues.[2] (*Id.*) One of them asked to be "moved out [of] that cell to a cell with working air" because he suffered from asthma and was concerned that inadequate ventilation, or exposure to excessive heat, would cause an "asthmatic episode

---

[2] The factual allegations in the Complaint frequently use the pronoun "I" and it is unclear to the Court as to whether that reference applies to Kelly or to Harris.

that[']s life and death." (*Id.*) Despite this alleged request, the Complaint avers that Defendant Council did not move them. (*Id.*)

A grievance was filed with respect to the ventilation system issue, but Kelly and Harris aver that the "grievance coordinator asked [them]" to withdraw it. (*Id.*) However, it also appears from the Complaint that a decision was made with respect to the grievance because it is alleged that both Kelly and Harris were sent a response stating that the grievance had been denied. (*Id.* at 2-3.) They appealed the denial decision to the "facility manager," who denied the appeal. (*Id.*)

Kelly and Harris assert violations of the Eighth Amendment, pursuant to 42 U.S.C. § 1983, seeking relief for personal injuries and emotional distress sustained while incarcerated at SCI-Chester. (*Id.* at 3.) Specifically, the factual allegations of the Complaint assert that as a result of being housed in the cell without proper ventilation, it felt "like [either Kelly or Harris] was going [to] die," and resulted in physical injuries including, lack of sleep, shortness of breath, and an inability to perform daily activities. (*Id.* at 2.) Kelly and Harris seek compensatory damages in the amount of $10,000 as well as punitive damages in the amount of $10,000 against each of the named Defendants. (*Id.* at 3.) Kelly also seeks a "preliminary and permanent injunction ordering defendants PA DOC to cease their physical, mental distress and life threat[en]ing issue towards [him]." (*Id.*)

## II.     STANDARD OF REVIEW

The Court previously granted Kelly leave to proceed *in forma pauperis* because it appeared that he was incapable of paying the fees to commence this civil action.[3] (ECF No. 4.) The Court now grants Harris leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Kelly and Harris are proceeding *pro se*, the Court construes their allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit

---

[3] However, as Kelly is a prisoner, he was advised that he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

[4] As a prisoner, Harris will also be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).  Kelly and Harris are each obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b).  *See **Error! Main Document Only.**Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009).

recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

The Court reads Kelly and Harris's Complaint as bringing claims for a violation of their civil rights pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal

5

involvement in the alleged wrongs" for liability to attach under § 1983. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### A. Kelly and Harris's Complaint Fails to State a Claim

At the outset, the Court notes that the Complaint does not attribute any conduct to any individual defendant. Rather, Kelly and Harris describe events in a generalized manner, averring that when the "ventilation in [their] cell broke" at SCI-Chester, they notified "staff" of the broken ventilation, and "staff" responded that it was "[their] problem [and they] have to deal with the heat." (ECF No. 5 at 2.) Kelly and Harris further aver that the "facility team" became aware of the broken ventilation, and fans were placed on the block, but Kelly and Harris could not feel the air. (*Id.*) Indeed, the only factual allegations which mention specific individual defendants are Kelly and Harris's allegations that Security Captain Eason told them to give her the information and "she would get [their] air fixed," and their allegation that Unit Manager Council did not move them from their cell. (*Id.*)

Even construing Kelly and Harris's Complaint liberally, these pleading deficiencies make it challenging to screen the Complaint and would make it difficult for a defendant to meaningfully respond to the pleading. *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims). There are no specific actions (or inactions) attributable to any individual defendant. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required

6

element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Kelly and Harris have made no allegations describing how any specific individuals were personally responsible for any alleged constitutional violations. Thus, the allegations are insufficient to put anyone on notice to prepare a defense, and the Complaint does not ensure that the Court is sufficiently informed of the facts to determine the relevant legal issues.[5]

While Kelly and Harris have failed to state a plausible claim at this time, the Court is not prepared to find that Kelly or Harris, if granted the opportunity, cannot state a plausible claim for relief against the appropriate and relevant defendants. Accordingly, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Kelly and Harris will be granted leave to file an amended complaint within thirty (30) days if either or both of them wish to proceed with the case. In so doing, however, Kelly and Harris should be mindful that their Complaint is deficient for other reasons as well. These deficiencies are noted in the sections which follow.

**B. Claims for Injunctive Relief**

All of the claims in the Complaint pertain to Kelly and Harris's confinement at SCI-Chester. (ECF No. 5 at 1-2.) However, as noted above, both Kelly and Harris have been

---

[5] The Complaint is also noticeably silent on how long the conditions in question persisted because Kelly and Harris have not alleged how long the ventilation was broken.

7

transferred from SCI-Chester, and they are currently housed at SCI-Somerset and SCI-Benner, respectively. "An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." *Crawford v. McMillan*, 660 F. App'x 113, 115 (3d Cir. 2016) (citing *Abdul-Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993) (finding prisoner's transfer or release from prison moots claims for injunctive or declaratory relief as prisoner no longer subject to allegedly unconstitutional conditions)). Accordingly, any claims for injunctive relief as to the conditions at SCI-Chester are dismissed as moot.

### C. Claims Against the Pennsylvania Department of Corrections

The Pennsylvania Department of Corrections is immune from suit in federal court pursuant to the Eleventh Amendment. *See Kreutzberger v. Pennsylvania Dep't of Corr.*, 684 F. App'x 107, 108 (3d Cir. 2017); *Lavia v. Pennsylvania, Dept of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity). Furthermore, even if the Eleventh Amendment did not bar these claims, the Department of Corrections is also not a "'person[]' and thus cannot be sued under 42 U.S.C. § 1983." *Fenton v. Pennsylvania Dep't of Corr.*, Civ. A. No. 18-5484, 2019 WL 398929, at *4 (E.D. Pa. Jan. 31, 2019) (citing *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977)). Accordingly, Kelly and Harris cannot maintain their § 1983 claims against the Pennsylvania Department of Corrections.

### D. Claims Based on Grievances

In their Complaint, Kelly and Harris express dissatisfaction with the grievance process. (ECF No. 5 at 2-3.) To the extent that Kelly and Harris allege a violation of their rights with respect to the denial of their grievances, the claim is not plausible. "Prison inmates do not have a

constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Because there is no right to a grievance process at all, a claim under § 1983 based on the mishandling of a grievance cannot be plausible. Accordingly, any claims based on grievances are dismissed with prejudice under § 1915(e)(2)(B)(ii).

### E. Outstanding Motions

1. <u>Motion for Preliminary Injunction (ECF No. 6)</u>

Kelly filed a Motion for Preliminary Injunction and it was docketed on August 6, 2020. (ECF No. 6.) In his motion, Kelly avers that his "life threatening physical illness of asthma" requires him to be "cared for in a properly vented and controlled institution on a continual basis." (*Id.* at 2.) Kelly recognizes that while he is currently in an institution "that is modern (i.e. vented and climate controlled) and a newer prison," he is concerned about being "moved at anytime" and asserts that in order to "maintain his health and safety he will need to be held in a newer/modern institutional setting at all times." (*Id.*) Kelly requests that this Court intervene on his behalf and order Defendants to keep him in a compatible institution. (*Id.*)

Federal Rule of Civil Procedure 65 authorizes district courts to issue preliminary injunctive relief in limited circumstances. It is well settled that the grant of a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Fulton v. City*

*of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

In this matter, Kelly must demonstrate that "he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (internal quotation marks omitted). Kelly, however, offers nothing more than his own speculation to suggest that he may be moved to a different facility that cannot accommodate his medical needs. Kelly has not offered any credible basis for this Court to conclude that the issuance of extraordinary preliminary injunctive relief is necessary to prevent immediate and irreparable injury. *See Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir.1969) ("The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat.") Accordingly, this Court will deny Kelly's motion for preliminary injunctive relief.

2. Motion for Special Relief (ECF No. 7)

In this Motion for Special Relief, filed on August 6, 2020, Kelly avers that he is in need of preliminary discovery consisting of "medical records and grievances from March 2017 till February 2020." (ECF No. 7 at 2.) To the extent Kelly seeks copies of these documents for use as evidence in this case, the Court construes this as a discovery request which is premature given

that the Court is granting leave to amend, and Defendants have not yet been served.[6] Accordingly, this Motion for Special Relief will be denied without prejudice to Kelly's right to seek discovery in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules, once the formal discovery process, if any, has commenced.

3. Motion for Appointment of Counsel (ECF No. 8)

Kelly's Motion for Appointment for Counsel requests that counsel be appointed for himself and Harris. This motion will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

4. Motion for Special Relief (ECF No. 11)

In this Motion for Special Relief, filed August 18, 2020, Kelly seeks assistance with respect to Harris's request to proceed *in forma pauperis*. The Court notes, however, that Harris has since filed a motion on his own behalf seeking to proceed *in forma pauperis* (*see* ECF No. 13), which this Court has granted. Accordingly, this Motion for Special Relief will be denied as moot. Furthermore, although Kelly may prosecute his own claims, he may not prosecute claims or file motions on Harris's behalf. *See Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991).

**IV. CONCLUSION**

For the following reasons, the Court will dismiss Kelly and Harris's claims against the Pennsylvania Department of Corrections and any claims based on grievances with prejudice. The remainder of their Complaint will be dismissed without prejudice for failure to state a claim. The Court will allow either Kelly or Harris, or both of them, to file an amended complaint within

---

[6] Discovery requests should be made to opposing counsel in the first instance and are generally not filed with the Court unless a dispute arises. *See* L. Civ. R. 26.1

thirty days in the event they can state a plausible claim against an appropriate defendant or defendants. The Court will also deny Kelly's request for issuance of a preliminary injunction, his request for appointment of an attorney at this time, and his motions for special relief. An appropriate Order follows.