# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAHEED KELLY and : | |
| HAKEEM HARRIS : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. 20-CV-4413 |
| v. : | |
| : | |
| PA DOC, *et al.*, : | |
|     Defendants. : | |

## ORDER

AND NOW, this 5th day of November, 2020, upon consideration of Plaintiff Hakeem Harris's Motion to Proceed *In Forma Pauperis* (ECF No. 13) and Harris's Prisoner Trust Fund Account Statement (ECF No. 14), Plaintiff Shaheed Kelly's Motion for Preliminary Injunction (ECF No. 6), Kelly's Motion for Special Relief (ECF No. 7), Kelly's Motion for Appointment of Counsel (ECF No. 8), Kelly's Motion for Special Relief (ECF No. 11), and the *pro se* Complaint (ECF No. 5) filed by both Plaintiffs Kelly and Harris, it is **ORDERED** that:

    1.    Harris's motion for leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.[1]

    2.    Hakeem Harris, #MU-9397, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Benner or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Harris's inmate account; or (b) the average monthly balance in Harris's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and

---

[1] Kelly's motion for leave to proceed *in forma pauperis* was granted by the Court on August 6, 2020. *See* ECF No. 4.

1

forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Harris's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Harris's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI Benner.

4. The Complaint is **DEEMED** filed.

5. Kelly and Harris's claims against PA DOC and any claims based on grievances are **DISMISSED WITH PREJUDICE** for the reasons discussed in the Court's Memorandum.

6. The Clerk of Court is directed to **TERMINATE** PA DOC as a Defendant.

7. The balance of the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

8. Kelly and Harris are given leave to amend within thirty (30) days of the date of this Order in the event that either one of them can state a plausible basis for a claim against an appropriate defendant. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Kelly or Harris's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. Claims that are not included in the amended complaint will not be considered part of this case. When drafting their amended complaint, Kelly and Harris should be

mindful of the Court's reasons for dismissing the claims in their initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9. The Clerk of Court is **DIRECTED** to send Kelly and Harris a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Kelly and Harris may use this form to file their amended complaint if they choose to do so.

10. Kelly's Motion for Preliminary Injunction (ECF No. 6) is **DENIED**.

11. Kelly's Motion for Special Relief (ECF No. 7) is **DENIED AS PREMATURE**.

12. Kelly's Motion for Appointment of Counsel (ECF No. 8) is **DENIED WITHOUT PREJUDICE** at this time.

13. Kelly's Motion for Special Relief (ECF No. 11) is **DENIED AS MOOT**.

14. If Kelly or Harris do not wish to amend their Complaint and instead intend to stand on their Complaint as originally pled, either of them may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those

claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

15. If either Kelly or Harris fail to file any response to this Order, the Court will conclude that they intend to stand on their Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

_____
**BERLE M. SCHILLER, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).